Matthew G. Monforton (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
Facsimile: (406) 551-6919
Email: matthewmonforton@yahoo.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| DYLAN DEAN and DARIA DANLEY, | Case No. CV-25-83-BU-JTJ |
| Plaintiffs, | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |
| vs. | |
| REX WU, Jr., | |
| Defendant. | |

## INTRODUCTION

Plaintiffs Dylan Dean and Daria Danley move under Fed. R. Civ. P. 26(d)(1) for narrowly tailored expedited discovery. Defendant Rex Wu, Jr. has pled guilty in this Court to felony cyberstalking and is scheduled to be sentenced on November 6, 2025. Once incarcerated, his availability for discovery will be severely constrained. Plaintiffs therefore seek limited discovery now – focused depositions, written discovery, and third-party subpoenas – before Wu's sentencing

and likely imprisonment render such discovery far more difficult, expensive, and uncertain.

## BACKGROUND

This action arises out of Defendant Wu's calculated campaign of fabricating racist threats and attributing them to Plaintiffs. Wu has recently pled guilty to criminal liability for the same underlying conduct. *See United States v. Wu*, CR 25-19-BU-DLC. He created false email accounts, forged online forms, and orchestrated social-media propaganda, all to depict Plaintiffs as violent racists.

Although Wu's guilty plea establishes key elements of liability, civil discovery remains essential. Plaintiffs must develop a full evidentiary record regarding the scope of Wu's hoax, the potential involvement of third parties, and the extensive damages caused to Plaintiffs' reputations, education, and future opportunities. Plaintiffs' Complaint details how Wu:

- Created the ProtonMail account "DARIA_DD78@proton.me" specifically to impersonate Plaintiff Danley
- Completed false Google Forms using Plaintiff Dean's identity
- Orchestrated social media campaigns around the fabricated racial death threats
- Used his knowledge of Dean's personal information to make the impersonation more credible.

## ARGUMENT

### I. Good Cause Exists for Expedited Discovery

Rule 26(d)(1) permits discovery before a Rule 26(f) conference upon court order. Courts applying the "good cause" standard consistently authorize expedited discovery when the need for early access to evidence outweighs any potential prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Good cause is plainly present here. Wu's sentencing is imminent, and upon incarceration his availability will be restricted by Bureau of Prisons regulations and logistical obstacles. The Rules themselves recognize imprisonment as a basis for unavailability. *See* Fed. R. Civ. P. 32(a)(4)(C). If discovery is delayed, Plaintiffs risk losing access to critical testimony and evidence essential to the just resolution of this case.

### II. The Requested Discovery is Narrowly Tailored

Plaintiffs seek leave only to:

- Propound written discovery on Defendant with a deadline to respond of October 27, 2025.
- Serve subpoenas on Montana State University for records related to the fabricated threats; and
- Depose Defendant Wu prior to his sentencing on November 6, 2025, either in person or remotely by videoconference, on issues relevant to the claims pleaded in the Complaint.

3

This discovery is limited to the 2021–2025 time period and to the precise subject matter of the claims: Wu's impersonation of Plaintiffs, his communications concerning the threats, the scope of his hoax, and the potential involvement of others. Plaintiffs expressly disclaim any broader "fishing expedition."

## III. The Requested Discovery Will Not Cause Undue Burden

### A. Wu Has Already Provided Similar Evidence to Federal Authorities

Wu pled guilty to federal cyberstalking charges based on this same conduct. He necessarily provided evidence to federal prosecutors and cooperated with the FBI investigation. The requested discovery is, in all likelihood, largely duplicative of information Wu has already disclosed in the criminal proceedings.

### B. The Requests Are Focused and Proportional

The discovery is limited to specific time periods (primarily 2021-2025) and narrowly defined subject matter. The discovery is modest in volume and scope, ensuring that the burden on Defendant is minimal compared to the prejudice Plaintiffs would suffer from delay

## CONCLUSION

Because good cause exists, the discovery sought is narrowly drawn, and any burden on Defendant is negligible compared to the prejudice to Plaintiffs, the

Court should grant expedited discovery. Plaintiffs respectfully request an order

authorizing the proposed written discovery, subpoenas, and deposition of

Defendant Wu to be completed prior to his sentencing on November 6, 2025.

DATED: September 2, 2025

Respectfully submitted,

/s/ Matthew G. Monforton
Matthew G. Monforton (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
Facsimile: (406) 551-6919
Email: matthewmonforton@yahoo.com

*Attorney for Plaintiffs*