IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DYLAN DEAN and DARLA DANLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> REX WU, JR., <br><br> Defendant. | CV 25-83-BU-JTJ <br><br><br> ORDER |

Plaintiffs Dylan Dean and Darla Danley (Plaintiffs) filed a Motion for Expedited Discovery under Fed. R. Civ. P. 26(d)(1). (Doc. 3). Plaintiffs seek to serve subpoenas on Montana State University (MSU); propound written discovery on Defendant Rex Wu, Jr., (Wu) and take Wu's disposition prior to November 6, 2025, the date Wu is scheduled to be sentenced in Cause No. CR-25-19-BU-DLC. (Id).

Discovery is typically not allowed until a conference under Fed. R. Civ. P. 26(f) is held or upon order of the court. A court may order expedited discovery upon a showing of "good cause." *Seminole, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may be shown when the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether

1

a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendant to comply with the request; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d. 1063, 1067 (C.D. Cal. 2009); *Extreme Reach, Inc. v. PriorityWorkforce, Inc.*, 2017 WL 10544621, at *2 (C.D. Cal. Oct. 18, 2017).

    Plaintiffs have not established good cause. Plaintiffs are certainly aware that Wu is currently subject to pre-trial release conditions in his criminal case and are therefore able to obtain his current address to effectuate service upon him but apparently have not done so. Additionally, although Plaintiffs assert Bureau of Prisons regulations would create logistical obstacles making it difficult to take Wu's deposition once he sentenced on November 6, 2025, Plaintiffs are presupposing that the district court will order Wu to serve a term of custody. Furthermore, if the district court orders Wu to serve a term of custody, Plaintiffs may obtain a court order directing the Bureau of Prisons to make Wu available for his deposition. Also, Wu's presumed incarceration would not preclude him from responding to written discovery. Finally, Plaintiffs can notify MSU of this litigation and request a litigation hold be placed on the records it seeks to obtain from it for this litigation.

Accordingly, it is **HEREBY ORDERED:**

Plaintiffs' Motion for Expedited Discovery (Doc. 3) is **DENIED**.

DATED this 15th day of September 2025.

John Johnston
United States Magistrate Judge